BURNS ET AL. *v.* FRITZ.

(Decided July 18, 1929.)

*Mr. Charles H. Elston,* for plaintiffs in error.

*Messrs. Murphy & Murphy* and *Mr. Howard E. Joseph,* for defendant in error.

CUSHING, P. J. In February, 1925, Clifford Burns and Frank M. Kelly entered into a contract with Walter A. Fritz, by the terms of which Fritz agreed to build for Burns and Kelly a dance hall.

The subject matter of the contract was the amount of pay that Fritz should receive for the labor he performed for Burns and Kelly. His compensation was to be one dollar per hour for his labor, and ten cents per hour for each hour of work performed by each laborer and worker employed on the job.

Kelly and Burns directed the course of the building. They secured the services of Raschig, an engineer, and sent their plans to Columbus for approval. The plans, however, are not offered in evidence. They purchased the material or directed where it should be purchased, paid for the material and labor, and paid Fritz for his services as per contract, with the exception of the amount sued for in the petition.

From the record, our conclusion is that Fritz was employed as a laborer and a foreman, and not as a contractor, to construct the building.

After the building was completed and a crowd of persons had assembled on the floor, it collapsed. Whether the collapse was due to defective lumber, improper construction, or from using unwashed gravel in constructing cement piers, is not certain.

Burns and Kelly in their cross-petition asked for damages.

The jury returned a verdict for Fritz, and this

action is prosecuted to reverse the judgment entered on that verdict.

In answer to the interrogatory, "Was the collapse of the portion of the floor of the Green Mill due to the negligence of the plaintiff, Walter Fritz, in constructing same in an unworkmanlike manner?" the jury by ten of its members answered, "No."

In answer to the interrogatory, "Was the proximate cause of the collapse due to the negligence of the plaintiff, Walter Fritz?" ten members of the jury answered, "No."

The testimony being in dispute, the question resolved itself purely into one for the determination of the jury.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

Ross and HAMILTON, JJ., concur.